UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IVERA MEDICAL CORPORATION | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NEW ENGLAND MEDICAL SPECIALTIES, INC., | ) | Civil Action No. |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | MAY 13, 2013 |

**COMPLAINT**

Plaintiff Ivera Medical Corporation ("Ivera") for its Complaint against Defendant New England Medical Specialties, Inc. ("NEMS") avers as follows:

**PARTIES**

1. Plaintiff Ivera is a California corporation with its principal place of business in Carlsbad, California.

2. Defendant NEMS is a Connecticut Corporation with its principal place of business at 354 Old Whitfield Street, Guilford, Connecticut 06437.

**JURISDICTION AND VENUE**

3. This is a civil action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, et. seq.

4. This Court has jurisdiction over the subject matter of the Complaint pursuant to 28 U.S.C. §§1331 & 1338.

5. This Court has personal jurisdiction over NEMS because NEMS's headquarters is located in Connecticut, and the company has continuous, systematic, and substantial presence in the State of Connecticut and within this judicial district.

6. Venue is proper under 28 U.S.C. §§1391(b)(3) and 1400.

**BACKGROUND**

7.  Ivera manufactures, markets, and sells the Curos® Port Protector, a device that disinfects and protects the entry port on certain types of valves used with intravenous lines to help reduce bloodstream infections in hospital patients.

8.  On August 24, 2010, United States Patent No. 7,780,794 B2 (the '794 patent), on an invention entitled "Medical Implement Cleaning Device," was duly and legally issued by the United States Patent and Trademark Office.  A copy of the '794 patent is attached hereto as Exhibit A.

9.  The '794 patent has been in force and effect since its issuance.  Ivera has been at all times, and still is, the owner of the entire right, title and interest in and to the '794 patent.

10.  On July 26, 2011, United States Patent No. 7,985,302 B2 (the '302 patent), on an invention entitled "Medical Implement Cleaning Device," was duly and legally issued by the United States Patent and Trademark Office.  A copy of the '302 patent is attached hereto as Exhibit B.

11.  The '302 patent has been in force and effect since its issuance.  Ivera has been at all times, and still is, the owner of the entire right, title and interest in and to the '302 patent.

12.  On June 26, 2012, United States Patent No. 8,206,514 (the '514 patent), on an invention entitled "Medical Implement Cleaning Device," was duly and legally issued by the United States Patent and Trademark Office.  A copy of the '514 patent is attached hereto as Exhibit C.

13.  The '514 patent has been in force and effect since its issuance.  Ivera has been at all times, and still is, the owner of the entire right, title and interest in and to the '514 patent.

14. NEMS uses, sells, and/or offers to sell throughout the United States a disinfecting cap product referred to as the DualCap Solo.

15. The DualCap Solo product infringes one or more claims in the '794 patent in the United States within the meaning of 35 U.S.C. § 271.

16. The DualCap Solo product infringes one or more claims in the '302 patent in the United States within the meaning of 35 U.S.C. § 271.

17. The DualCap Solo product infringes one or more claims in the '514 patent in the United States within the meaning of 35 U.S.C. § 271.

## FIRST CAUSE OF ACTION
## (INFRINGEMENT OF THE '794 PATENT)

18. Ivera realleges and incorporates the previous paragraphs of this Complaint as though fully set forth herein.

19. NEMS has used, offered for sale, sold, and/or imported into the United States products, including at least the DualCap Solo, which literally and under the doctrine of equivalents infringe one or more claims of the '794 patent in violation of 35 U.S.C. § 271.

20. Ivera has been damaged and has suffered irreparable injury due to the acts of infringement by NEMS and will continue to suffer irreparable injury unless NEMS's activities are enjoined.

21. Ivera has suffered and will continue to suffer substantial damages by reason of NEMS's acts of patent infringement alleged above, and Ivera is entitled to recover from NEMS the damages sustained as a result of NEMS's acts.

## SECOND CAUSE OF ACTION
## (INFRINGEMENT OF THE '302 PATENT)

22. Ivera realleges and incorporates the previous paragraphs of this Complaint as though set forth in full herein.

23. NEMS has used, offered for sale, sold, and/or imported into the United States products, including at least the DualCap Solo, which literally and under the doctrine of equivalents infringe one or more claims of the '302 patent in violation of 35 U.S.C. § 271.

24. Ivera has been damaged and has suffered irreparable injury due to acts of infringement by NEMS and will continue to suffer irreparable injury unless NEMS's activities are enjoined.

25. Ivera has suffered and will continue to suffer substantial damages by reason of NEMS's acts of patent infringement alleged above, and Ivera is entitled to recover from NEMS the damages sustained as a result of NEMS's acts.

## THIRD CAUSE OF ACTION
## (INFRINGEMENT OF THE '514 PATENT)

26. Ivera realleges and incorporates the previous paragraphs of this Complaint as though set forth in full herein.

27. NEMS has used, offered for sale, sold, and/or imported into the United States products, including at least the DualCap Solo, which literally and under the doctrine of equivalents infringe one or more claims of the '514 patent in violation of 35 U.S.C. § 271.

28. Ivera has been damaged and has suffered irreparable injury due to acts of infringement by NEMS and will continue to suffer irreparable injury unless NEMS's activities are enjoined.

29. Ivera has suffered and will continue to suffer substantial damages by reason of NEMS's acts of patent infringement alleged above, and Ivera is entitled to recover from NEMS the damages sustained as a result of NEMS's acts.

## PRAYER FOR RELIEF

WHEREFORE, Ivera prays that judgment be entered by this Court in its favor and against NEMS as follows:

A. That NEMS has infringed the '794, '302, and '514 patents;

B. Permanently enjoining and restraining NEMS, its agents, affiliates, subsidiaries, servants, employees, officers, directors, attorneys and those persons in active concert with or controlled by NEMS from further infringing the '794, '302, and '514 patents;

C. For an award of damages adequate to compensate Ivera for the damages it has suffered as a result NEMS's conduct, including pre-judgment interest;

D. That NEMS be directed to withdraw from distribution all infringing products, whether in the possession of NEMS or its distributors or retailers, and that all infringing products or materials be impounded or destroyed;

E. For monetary damages in an amount according to proof;

F. For interest on said damages at the legal rate from and after the date such damages were incurred;

G. That this is an exceptional case and for an award of Ivera's attorney fees and costs;

H. For such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Ivera hereby demands a jury trial as to all issues that are so triable.

Dated: May 13, 2013

                                               Respectfully submitted,

                                               COHEN AND WOLF, P.C.

                                               By: _____/s/_____
                                                   Monte E. Frank ct13666
                                                   Cohen and Wolf, P.C.
                                                   158 Deer Hill Avenue
                                                   Danbury, CT 06810
                                                   Tel.: (203) 792-2771
                                                   Fax.: (203) 791-8149
                                                   Email: mfrank@cohenandwolf.com
                                                   Attorney for Plaintiff Ivera Medical
                                                      Corporation

OF COUNSEL:
X-Patents, APC
Jonathan Angartner, Cal. Bar No. 196268
5670 La Jolla Blvd.
La Jolla, CA  92037
Telephone:  858-454-4313
Facsimile:  858-454-4314
jon@x-patents.com